STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

# SUPERIOR COURT
## SUMMONS

| | Civil Action File Number<br>PC-2016-4149 |
|---|---|
| **Plaintiff**<br>Timothy Mendes<br>v.<br>**Defendant**<br>Warren Police Department | **Attorney for the Plaintiff or the Plaintiff**<br>Bruce P. Gladstein |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>2377 PAWTUCKET AVE<br>EAST PROVIDENCE RI 02914 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI 02903<br>(401) 222-3250 | **Address of the Defendant**<br><s>No Known Address</s><br>TOWN TREASURERS OFFICE<br>514 MAIN ST. FIRST FLOOR<br>WARREN, RI 02885 |

**TO THE DEFENDANT, Town of Warren, Michael Abbruzzi, Treasurer:**

   The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

   If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

   As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 9/1/2016. | /s/ Henry Kinch<br>Clerk |
|---|---|

Witness the seal/watermark of the Superior Court

A true copy attest
/s/ [signature] # 6070
Date 9/27/16

SC-CMS-1 (revised July 2014)

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| Plaintiff<br>Timothy Mendes<br>v.<br>Defendant<br>Warren Police Department | Civil Action File Number<br>PC-2016-4149 |
|---|---|

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Town of Warren, Michael Abbruzzi, Treasurer, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
   Name of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
   Name of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
   _____

☐ I was unable to make service after the following reasonable attempts: _____

SERVICE DATE: ____/____/____
            Month   Day   Year

SERVICE FEE $_____

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
Signature

State of _____
County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2016-4149
Filed in Providence/Bristol County Superior Court
Submitted: 9/1/2016 1:00:54 PM
Envelope: 740277
Reviewer: Alexa Goneconte

Case 1:16-cv-00538-WES-PAS   Document 1-1   Filed 09/29/16   Page 4 of 14 PageID #: 7

STATE OF RHODE ISLAND  SUPERIOR COURT
PROVIDENCE, SC.

TIMOTHY MENDES            :
                          :
VS.                       :     CA NO.: PC2016- 4149
                          :
WARREN POLICE DEPARTMENT; :
CHRISTOPHER PERREAULT, Alias :
individually and in his capacity as a :
Warren Police Officer; DONALD :
LANOI JR., Alias, individually and in :
his capacity as a Warren Police Officer; :
PATRICK SARASIN, Alias,   :
individually and in his capacity as a :
Warren Police Officer; WARREN :
POLICE CHIEF PETER ACHILLE; :
THE TOWN OF WARREN, by and :
through its Treasurer, Michael Abbruzzi;:
JOHN DOE(S) and JANE DOE(S), :
unknown employees of the Town of :
Warren                    :

## COMPLAINT

1. Plaintiff, Timothy Mendes (hereinafter referred to as "Mendes") was at all times material herein a resident of the Town of Swansea, County of Bristol and Commonwealth of Massachusetts.

2. Defendant, Christopher Perreault, Alias (hereinafter referred to as "Perreault") upon information and belief, was at all times material herein a resident of the Town of Warren, County of Bristol and State of Rhode Island, and a Warren Police Officer.

3. Defendant, Donald Lanoi Jr., Alias (hereinafter referred to as "Lanoi"), upon information and belief was at all times material herein a resident of the Town of Warren, County of Bristol and State of Rhode Island, and a Warren Police Officer.

4. Defendant, Patrick Sarasin, Alias (hereinafter referred to as "Sarasin"), upon information and belief was at all times material herein a resident of the Town of Warren, County of Bristol and State of Rhode Island, and a Warren Police Officer

Case Number: PC-2016-4149
Filed in Providence/Bristol County Superior Court
Submitted: 9/1/2016 1:00:54 PM
Envelope: 740277
Reviewer: Alexa Goneconte

Case 1:16-cv-00538-WES-PAS   Document 1-1   Filed 09/29/16   Page 5 of 14 PageID #: 8

5. Defendant, Peter Achille (hereinafter referred to as "Achille"), upon information and belief was at all times material herein a resident of the Town of Warren, County of Bristol and State of Rhode Island and the Police Chief of the City of Warren, County of Bristol and State of Rhode Island.

6. Defendant Town of Warren is a municipal corporation and is sued by and through its Treasurer, Michael Abbruzzi, the official designated by State Law, R.I.G.L. § 45-15-5 to be named in a suit for damages against the Town of Warren.

7. Defendants John and Jane Doe(s) were at all times relevant to events giving rise to the causes of action stated herein, police officers of the Warren Police Department or employees of the Warren Police Department whose names and identities remain unknown at this time. Defendants John and Jane Doe(s) who were police officers of the Warren Police Department or employees of the Warren Police Department were responsible for the training and supervision of Defendant Officer Perreault, Defendant Officer Donald Lanoi and John and Jane Doe defendants and for the hiring, screening, and all conduct of Defendant Perreault and John and Jane Doe defendants.

8. At all times pertinent hereto, Defendant Perreault and Defendant Lanoi were acting under color of law and within the scope of his employment. These Defendants are all being sued in their individual and official capacities. Defendants John and Jane Doe(s) are being sued in their individual and official capacities. Defendant Achille is being sued in his individual and official capacity.

## FACTS

9. On or about September 6, 2016 at approximately 6:00 a.m. Plaintiff Mendes was operating his vehicle, a 1995 white GMC pickup truck travelling eastbound on Child Street in the area of Tim's Auto located at 404 Child Street when he was randomly pulled over by Defendant Perreault.

10. When Defendant Perreault first initiated his lights and siren Plaintiff Mendes rolled down his window and waived to the Defendant that he wanted him to pull him over at a nearby gas station known as "Armands".

11. Defendant Perreault stopped his police vehicle approximately 15 feet behind Plaintiff's vehicle, got out of the vehicle and began screaming

Case Number: PC-2016-4149
Filed in Providence/Bristol County Superior Court
Submitted: 9/1/2016 1:00:54 PM
Envelope: 740277
Reviewer: Alexa Goneconte

profanities at Plaintiff Mendes, threatening him that he was going to prison and demanding that he get out of his vehicle.

12. Plaintiff Mendes observed Defendant Perreault in his rear view mirror coming towards his vehicle with an outraged demeanor and with his hand on his firearm; Plaintiff put his driver's side window up but left enough room to speak with Defendant Perreault.

13. Defendant Perreault stuck his hand in Plaintiff's vehicle, opened the driver's door and pulled the Plaintiff out of his vehicle, handcuffed Plaintiff and threw him to the paved ground.

14. Defendants Lanoi & Sarasin arrived at the scene and both Defendant Perreault and Defendant Lanoi proceeded to physically beat Plaintiff Mendes and repeatedly banged his head against the pavement.

15. Plaintiff Mendes was arrested and taken into custody at the Warren Police Station where he remained with no medical attention for his injuries.

16. Plaintiff has satisfied the necessary Statutory requirements by filing a claim for damages with the Town of Warren and thereafter said claim was not answered within the required forty days.

## COUNT I
## (FALSE IMPRISONMENT)

17. Paragraphs 1 through 16 are hereby incorporated by reference as if fully set forth herein.

18. On or about September 6, 2016, Mendes was in the parking lot of Armands.

19. On said date, Defendants forcefully pulled Mendes out of his vehicle and then handcuffed.

20. Due to Mendes being handcuffed he was not free to move or leave from said parking lot.

21. Such actions were made with knowledge that the plaintiff would become emotionally and physically distressed and with the intent to harass, disturb and annoy the plaintiffs.

22. Such actions were made with a wanton and reckless disregard of the consequences to the Plaintiff.

Case Number: PC-2016-4149
Filed in Providence/Bristol County Superior Court
Submitted: 9/1/2016 1:00:54 PM
Envelope: 740277
Reviewer: Alexa Goneconte

23. The actions and statements of Defendants were made intentionally, wantonly, maliciously and aggressively and with total disregard of the consequences to the Plaintiff and therefore, punitive damages are justified.

## COUNT II
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

24. Paragraphs 17 through 23 of Count II are hereby incorporated by reference as if fully set forth herein.

25. On or about September 6, 2016, Mendes was in the parking lot of Armands.

26. On said date, Defendant Perreault forcefully pulled Mendes out of his vehicle, handcuffed him and then Defendants, Perreault and Lanoi proceeded to physically beat Plaintiff Mendes and repeatedly banged his head against the pavement.

27. Mendes was subject to deprivation of rights, privileges, or immunities secured to him by the Constitution and laws of the United States.

28. Such actions were made with a wanton and reckless disregard of the consequences to the Plaintiff.

29. Due to the actions of Defendants, Perreault and Lanoi, Mendes was in need of counseling.

30. Such actions and statements were made with knowledge that the plaintiff would become emotionally and physically distressed and with the intent to harass, disturb and annoy the plaintiff.

31. Such actions were made with a wanton and reckless disregard of the consequences to the Plaintiff.

32. The actions and statements of Defendants, Perreault and Lanoi were made intentionally, wantonly, maliciously and aggressively and with total disregard of the consequences to the Plaintiff and therefore, punitive damages are justified.

## COUNT III
### (MALICIOUS USE OF PROCESS)

33. Paragraphs 24 through 32 of Count IV are hereby incorporated by reference as if fully set forth herein.

Case Number: PC-2016-4149
Filed in Providence/Bristol County Superior Court
Submitted: 9/1/2016 1:00:54 PM
Envelope: 740277
Reviewer: Alexa Goneconte

Case 1:16-cv-00538-WES-PAS   Document 1-1   Filed 09/29/16   Page 8 of 14 PageID #: 11

34. On or about September 6, 2016, Mendes was in the parking lot of Armands.

35. On said date, Defendants, Perreault, Sarasin, and Lanoi proceeded to arrest Mendes on numerous charges that were not supported by any RI law and/or statute.

36. Due to the actions of Defendants, Perreault, Sarasin, and Lanoi, Mendes was forced to go through the Criminal Court system.

37. At the conclusion of the Criminal Court system, Mendes was not found guilty of most of the charges he was accused of by Defendants.

38. Such actions and statements were made with knowledge that the plaintiff would become emotionally and physically distressed and with the intent to harass, disturb and annoy the plaintiffs.

39. Such actions were made with a wanton and reckless disregard of the consequences to the Plaintiff.

40. Such actions and statements were made with the intent to harass, disturb and annoy the plaintiff.

41. Such statements were made with a wanton and reckless disregard of the consequences to the Plaintiff.

42. The actions of Defendants, Perreault, Sarasin, and Lanoi were made intentionally, wantonly, maliciously and aggressively and with total disregard of the consequences to the Plaintiff and therefore, punitive damages are justified.

## COUNT IV
### (FALSE ARREST)

43. Paragraphs 33 through 42 of Count III are hereby incorporated by reference as if fully set forth herein.

44. On or about September 6, 2016, Mendes was in the parking lot of Armands.

45. On said date, Defendant Perreault forcefully pulled Mendes out of his vehicle, handcuffed him and then Defendants, Perreault, Sarasin, and Lanoi proceeded arrest Mendes on numerous charges that were not supported by any RI law and/or statute.

Case Number: PC-2016-4149
Filed in Providence/Bristol County Superior Court
Submitted: 9/1/2016 1:00:54 PM
Envelope: 740277
Reviewer: Alexa Goneconte

Case 1:16-cv-00538-WES-PAS   Document 1-1   Filed 09/29/16   Page 9 of 14 PageID #: 12

46. Defendants, Perreault, Sarasin, and Lanoi had a duty to investigate the facts and verify that Mendes had violated any laws and/or statutes.

47. Mendes was subject to deprivation of rights, privileges, or immunities secured to her by the Constitution and laws of the United States.

48. Said deprivation consisted of, inter alia, his Constitutional rights to being held innocent until proven guilty and being free from unlawful arrest.

49. Such actions and statements were made with knowledge that the plaintiff would become emotionally and physically distressed and with the intent to harass, disturb and annoy the plaintiffs.

50. Such actions were made with a wanton and reckless disregard of the consequences to the Plaintiff.

51. The actions and statements of Perreault, Sarasin, and Lanoi were made intentionally, wantonly, maliciously and aggressively and with total disregard of the consequences to the Plaintiff and therefore, punitive damages are justified.

## COUNT V
### (NEGLIGENT TRAINING)

52. Paragraphs 43 through 51 of Count IV are hereby incorporated by reference as if fully set forth herein.

53. Defendants, Perreault, Sarasin, and Lanoi at all times relevant hereto were members of the Middletown Police Department.

54. Members of said department should have proper training in the correct procedures of stopping, interviewing, and arresting possible suspects, including but not limited to physically assaulting said suspects.

55. Defendants, Perreault, Sarasin, and Lanoi performed the aforementioned actions on or about on or about September 6, 2016.

56. The Town of Warren and the Warren Police Department have failed to train its officers, including the defendant officers in this case, with respect to stopping, interviewing, and arresting possible suspects, including but not limited to physically assaulting said suspects thereby causing police officers, including the Defendant police officers, to engage in negligent and careless actions to be caused to individuals.

57. As a result of the Town of Warren's and the Warren Police Department's gross negligence, Mendes suffered great mental anguish, humiliation, loss

Case Number: PC-2016-4149
Filed in Providence/Bristol County Superior Court
Submitted: 9/1/2016 1:00:54 PM
Envelope: 740277
Reviewer: Alexa Goneconte

Case 1:16-cv-00538-WES-PAS   Document 1-1   Filed 09/29/16   Page 10 of 14 PageID #: 13

of personal dignity, physical injuries and was forced to seek medical treatment.

## COUNT VI
### (42 USCS § 1983)

58. Paragraphs 52 through 57 of Count V are hereby incorporated by reference as if fully set forth herein.

59. On or about September 6, 2016, Mendes was in the parking lot of Armands.

60. On said date, Defendant Perreault forcefully pulled Mendes out of his vehicle, handcuffed him and then Defendants, Perreault and Lanoi proceeded to physically beat Plaintiff Mendes and repeatedly banged his head against the pavement.

61. On said date, Defendants, Perreault and Lanoi were employees of the Warren Police Department and the Town of Warren.

62. On said date, Defendants, Perreault and Lanoi were acting in their official capacity and under color of state law when they assaulted Mendes.

63. The Town is held accountable as a person acting under the color of state law.

64. Mendes was subject to deprivation of rights, privileges, or immunities secured to him by the Constitution and laws of the United States.

65. Said deprivation consisted of, inter alia, his Constitutional rights to being held innocent until proven guilty, being free from unlawful arrest, and not being physically assaulted.

66. Such actions were made with a wanton and reckless disregard of the consequences to the Plaintiff.

67. The actions and statements of Defendants, Perreault and Lanoi were made intentionally, wantonly, maliciously and aggressively and with total disregard of the consequences to the Plaintiff and therefore, punitive damages are justified.

## COUNT VII
### (VIOLATION OF CIVIL RIGHTS)

68. Paragraphs 58 through 67 of Count VI are hereby incorporated by reference as if fully set forth herein.

Case Number: PC-2016-4149
Filed in Providence/Bristol County Superior Court
Submitted: 9/1/2016 1:00:54 PM
Envelope: 740277
Reviewer: Alexa Goneconte

Case 1:16-cv-00538-WES-PAS   Document 1-1   Filed 09/29/16   Page 11 of 14 PageID #: 14

69. On or about September 6, 2016, Mendes was in the parking lot of Armands.

70. On said date, Defendant Perreault forcefully pulled Mendes out of his vehicle, handcuffed him and then Defendants, Perreault and Lanoi proceeded to physically beat Plaintiff Mendes and repeatedly banged his head against the pavement.

71. On said date, Defendants, Perreault, Sarasin, and Lanoi arrested Mendes though he had not violated any RI law and/or statute.

72. With a proper and thorough investigation and actions, the Civil Rights of Mendes would not have been violated, inter alia, in that he would not have been physically assaulted and he would not have had to go through the Criminal Court system.

73. Mendes was subject to deprivation of rights, privileges, or immunities secured to him by the Constitution and laws of the United States.

74. Said deprivation consisted of, inter alia, his Constitutional rights to being held innocent until proven guilty, being free from unlawful arrest, and being free from physical assault.

75. Such actions and statements were made with knowledge that the plaintiff would become emotionally and physically distressed and with the intent to harass, disturb and annoy the plaintiff.

76. Such actions were made with a wanton and reckless disregard of the consequences to the Plaintiff.

77. The actions and statements of Defendants, Perreault, Sarasin, and Lanoi were made intentionally, wantonly, maliciously and aggressively and with total disregard of the consequences to the Plaintiff and therefore, punitive damages are justified.

## COUNT VIII
### (NEGLIGENCE)

78. Paragraphs 68 through 77 of Count VII are hereby incorporated by reference as if fully set forth herein.

79. On or about September 6, 2016, Mendes was in the parking lot of Armands.

80. On said date, Defendant Perreault forcefully pulled Mendes out of his vehicle, handcuffed him and then Defendants, Perreault and Lanoi

Case Number: PC-2016-4146
Filed in Providence/Bristol County Superior Court
Submitted: 9/1/2016 1:00:54 PM
Envelope: 740277
Reviewer: Alexa Goneconte

        proceeded to physically beat Plaintiff Mendes and repeatedly banged his head against the pavement.

81. On said date, Defendants, Perreault, Sarasin, and Lanoi arrested Mendes though he had not violated any RI law and/or statute.

82. Defendants, Perreault, Sarasin, and Lanoi had a duty to properly and thoroughly investigate, arrest, and hold Mendes.

83. Defendants, Perreault, Sarasin, and Lanoi breached that duty by falsely accusing Mendes of crimes.

84. Defendants, Perreault, Sarasin, and Lanoi breached that duty by physically assaulting Mendes.

85. As a result of Defendants' negligence, Mendes suffered great mental anguish, physical injuries, humiliation, and loss of respect and personal dignity.

## COUNT IX
*(VICARIOUS LIABILITY)*

86. Paragraphs 78 through 86 of Count VIII are hereby incorporated by reference as if fully set forth herein

87. On or about September 6, 2016, Mendes was in the parking lot of Armands.

88. On said date, Defendants, Perreault, Sarasin, and Lanoi were employees of the Warren Police Department.

89. On said date, Defendants, Perreault, Sarasin, and Lanoi were acting in their official capacity.

90. Defendant, Warren Police Department is held accountable for an employee who is acting on their behalf and under their direction.

91. That since Perreault, Sarasin, and Lanoi were employees of the Warren Police Department, the Warren Police Department is responsible for the actions of Perreault, Sarasin, and Lanoi on the premise of vicarious liability.

## COUNT X
*(VICARIOUS LIABILITY)*

92. Paragraphs 86 through 91 of Count IX are hereby incorporated by reference as if fully set forth herein.

Case Number PC-2016-4148
Filed in Providence/Bristol County Superior Court
Submitted: 9/1/2016 1:00:54 PM
Envelope: 740277
Reviewer: Alexa Goneconte

Case 1:16-cv-00538-WES-PAS   Document 1-1   Filed 09/29/16   Page 13 of 14 PageID #: 16

93. On or about September 6, 2016, Mendes was in the parking lot of Armands.

94. On said date, Defendants, Perreault, Sarasin, and Lanoi were employees of the Town of Warren.

95. On said date, Defendants, Perreault, Sarasin, and Lanoi were acting in their official capacity.

96. Defendant, Town of Warren is held accountable for an employee who is acting on their behalf and under their direction.

97. That since Perreault, Sarasin, and Lanoi were employees of the Town of Warren, the Town of Warren is responsible for the actions of Perreault, Sarasin, and Lanoi on the premise of vicarious liability.

## COUNT XI
### (ASSAULT & BATTERY)

98. Paragraphs 92 through 97 of Count X are hereby incorporated by reference as if fully set forth herein.

99. On or about September 6, 2016, Mendes was in the parking lot of Armands.

100. On said date, Mendes was physically assaulted by Defendants, Perreault and Lanoi.

101. Said actions were done without provocation and reason.

102. Said actions were done without the permission of Mendes.

103. Said actions were made with knowledge that the Plaintiff would become emotionally and physically distressed and with the intent to harass, disturb and annoy the plaintiff.

104. Said actions were made with a wanton and reckless disregard of the consequences to the Plaintiff.

105. The actions of Defendants, Perreault and Lanoi were made intentionally, wantonly, maliciously and aggressively and with total disregard of the consequences to the Plaintiff and therefore, punitive damages are justified.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

Case Number: PC-2016-4149
Filed in Providence/Bristol County Superior Court
Submitted: 9/1/2016 1:00:54 PM
Envelope: 740277
Reviewer: Alexa Goneconte

Case 1:16-cv-00538-WES-PAS   Document 1-1   Filed 09/29/16   Page 14 of 14 PageID #: 17

a. Rule for Plaintiff and against Defendants as to all counts set forth in this complaint;

b. Award Plaintiff compensatory damages as allowed by law.

c. Award Plaintiff punitive damages as allowed by law.

d. Award Plaintiff interest, costs of suit, and reasonable attorneys' fees.

e. Award such other and further relief as this Honorable Court deems necessary and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

Plaintiff,
Timothy Mendes
by his Attorney

/s/ Bruce Gladstein
Bruce Gladstein, Esq. (5272)
2377 Pawtucket Ave.
East Providence, RI, 02914
Phone: (401) 432-9999
Fax: (401) 272-9020
bgladsteinlaw@aol.com